UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GABRIEL KENON,
Inmate No. 372356,
    Plaintiff,

vs.   Case No.: 3:20cv3660/LAC/EMT

S. MAY, WARDEN, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding pro se and in forma pauperis, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF Nos. 1, 4). The matter is before the court on Plaintiff's second amended complaint (ECF No. 9). The court is statutorily required to review Plaintiff's second amended complaint to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Upon review of Plaintiff's second amended complaint, it is evident Plaintiff has failed to state a viable claim for relief despite having had two opportunities to amend his complaint after being advised of the deficiencies therein. *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (Generally, "a district court must grant a

plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.") (internal marks omitted). It likewise is clear Plaintiff cannot cure the deficiencies by filing a third amended complaint. The undersigned thus recommends the case be dismissed for failure to state a claim upon which relief can be granted.

I.   BACKGROUND

Plaintiff names three Defendants in the second amended complaint, all of whom were employed at Walton Correctional Institution (Walton C.I.) at the time of the events giving rise to this action and all of whom Plaintiff contends were members of the Institutional Classification Team (ICT): S. May, Warden; S. Avant-Carroll, Head Classification Officer; and J. Pridgen, Colonel (ECF No. 9 at 1–2).[1] Plaintiff alleges the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from an inmate attack.

---

[1] Plaintiff named the same three Defendants in his original and amended complaints (*see* ECF Nos. 1, 7, and 9), and the facts set forth in the two prior complaints are generally the same as those alleged in the second amended complaint (*compare* ECF Nos. 1 & 7 *with* ECF No. 9). Upon review of Plaintiff's first amended complaint, the undersigned noted the court could recommend dismissal at that juncture; the court nevertheless allowed Plaintiff a final opportunity to state a viable claim.

Case No.: 3:20cv3660/LAC/EMT

Specifically, Plaintiff alleges that on July 5, 2018, an inmate gang member stabbed him five times, after which he was placed in confinement "for defending himself" (*id.* at 5). Plaintiff says that while he was in confinement, an "investigative officer" interviewed him "to obtain information of the stabbing and took photos of Plaintiff's injuries pursuant to statewide institutional policy for preliminary review by Defendants who are all members of the [ICT]" (*id.*). According to Plaintiff, "this ICT . . . does weekly reviews of all stabbings and substantial risk related incidents based on information obtained by [the] institution investigator" (*id.*). Plaintiff maintains the ICT is required to interview any inmate who has been stabbed "in light of information obtained by [the] institution investigator" to determine whether the inmate requires protective management status or any other change in classification as a result of the stabbing (*id.* at 5–6). Plaintiff alleges he was released back into the open population without being interviewed and was stabbed again on September 25, 2018, "by another inmate gang member related to the first stabbing on 7/5/18" (*id.* at 6).

Plaintiff suggests Defendants failed to review the incident of his stabbing, asserting Defendants' failure to place him in protective custody despite "knowledge of substantial risks and deliberate indifference by failure to review" constituted cruel and unusual punishment in violation of the Eighth Amendment, resulting in

"physical damages" (*id.* at 8).  As relief, Plaintiff seeks $30,000.00 in compensatory damages from each Defendant.

II.     DISCUSSION

    A.     Standard of Review

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal marks and citation omitted).  The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement." *Id.* (internal marks and alteration omitted); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).  In other words,

> [p]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

The court reads a pro se plaintiff's pleadings in a liberal fashion and holds them to a less stringent standard than pleadings drafted by attorneys. *See Harris v. Goderick*, 608 F. App'x 760, 761 (11th Cir. 2015). Nevertheless, in civil rights cases, "[m]ore than mere conclusory notice pleading is required. . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (internal marks and alteration omitted).

B.    Plaintiff's Claims

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. *See* U.S. Const. amend. VIII. To that end, "[t]he Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of the inmates." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (alterations and internal marks omitted)). "Having incarcerated 'persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833 (citation omitted). Thus, it has long been

recognized that "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* (internal marks and alteration omitted). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834; *see also Purcell v. Toombs Cty.*, 400 F.3d 1313, 1321 (11th Cir. 2005) ("[A] prison custodian is not the guarantor of a prisoner's safety.") (internal marks omitted).

A prison official violates the Eighth Amendment "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (internal marks omitted) (alterations adopted); *see also Farmer*, 511 U.S. at 828 ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). Accordingly, to survive statutory screening on a failure to protect claim, a plaintiff must allege facts which demonstrate (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk; and (3) a causal connection between the defendant's conduct and the Eighth Amendment violation. *See Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015).

With regard to the second factor, deliberate indifference, "the defendant-official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists—and the prison official must also draw that inference." *Johnston v. Crosby*, 135 F. App'x 375, 377 (11th Cir. 2005). Stated differently, prison officials must possess enough details about a threat to enable them to conclude that the threat presents a "strong likelihood" of injury, not a "mere possibility." *See, e.g., Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015); *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). "The unfortunate reality is that 'threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm.'" *Marbury v. Warden*, 936 F.3d 1227, 1236 (11th Cir. 2019) (quoting *Prater v. Dahm*, 89 F.3d 538, 542 (8th Cir. 1996)).

Plaintiff has failed to state a viable Eighth Amendment claim against any Defendant. First, Plaintiff says he was interviewed by an investigator, but he does not identify the investigator—by name, employing agency, or otherwise—or state when the alleged interview occurred. Second, Plaintiff's claims are based on an *assumption* that after interviewing him, the unidentified investigator advised each Defendant of specific facts from which an inference could be drawn that a substantial risk of serious harm existed if Plaintiff were released back into the general

population. As the undersigned previously advised Plaintiff, such speculation is wholly insufficient to show that the investigator conveyed *any* information to Defendants, much less information that would have put any Defendant on notice of the need to protect Plaintiff from a second assault (*see* ECF No. 8 at 8).[2] Finally, Plaintiff alleges Defendants were obligated under state policy to interview him in connection with the ICT's review of the incident and failed to do so, which Plaintiff maintains resulted in the second stabbing. But Plaintiff has not cited any such policy or specified any information Defendants would have gleaned from such an interview that would have put Defendants on notice of a substantial risk of serious harm, much less shown that failure to follow state policy constitutes a violation of the Eighth Amendment. Plaintiff thus has failed to establish a viable failure-to-protect claim.

III.   CONCLUSION

Despite having had three opportunities to do so, Plaintiff has failed to set forth sufficient facts to state a plausible Eighth Amendment claim against any Defendant,

---

[2] In his first amended complaint, Plaintiff alleges he reported to the investigator "that [he] had been stabbed by a gang-member (Blood) and . . . felt [his] life was in danger because while [he] was being escorted to confinement other Blood members yelled out threats to [him] if [he] returned to that compound" (ECF No. 7 at 5). As the undersigned noted upon screening the amended complaint, at best, such a report would have put Defendants on notice only of an *unspecified* threat by *unspecified members* of the Blood gang made in the presence of *unidentified witnesses*, such as the escorting officer or other inmates, which is insufficient to state an Eighth Amendment claim (*see* ECF No. 8 at 8–9).

and there is no indication that providing Plaintiff another opportunity to amend his complaint would result in viable claims. The undersigned therefore recommends that Plaintiff's claims be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Accordingly, it is respectfully **RECOMMENDED:**

1. That Plaintiff's claims be **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2. That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 30th day of March 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**